J. Joseph Bainton (JB-5934)
BAINTON McCARTHY LLC
*Attorneys for Robert B. Nichols and Ellen M. Nichols*
26 Broadway, Suite 2400
New York, New York 10004
(212) 480-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,        05 Cr. 1039 (CM)

  - against -                (Proceeding No. 1)

SAMUEL ISRAEL III,

                Defendant.
---------------------------------x
ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

                Petitioners.
---------------------------------x

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re:                                  Chapter 11

BAYOU GROUP, LLC, et al.,        Case No.: 06-22306 (ASH)

                Debtors.      Jointly Administered
---------------------------------x
BAYOU MANAGEMENT, LLC

                Plaintiff,      Adv. Proc. No.: 08-08292 (ASH)

  - against -                (Proceeding No. 2)

ROBERT B. NICHOLS, ELLEN M.
NICHOLS, SAMUEL ISRAEL III, and
JOHN DOES 1-5,

                Defendants.
---------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
PETITIONERS-DEFENDANTS ROBERT B. NICHOLS AND ELLEN M.
NICHOLS TO WITHDRAW REFERENCE OF ADVERSARY
PROCEEDING AND CONSOLIDATE PROCEEDING NOS. 1 AND 2**

Petitioners-Defendants Robert B. Nichols and Ellen M. Nichols (the "Nichols") respectfully submit this memorandum of law in support of their motion (a) pursuant to Local Bankruptcy Rule 5011.1 to withdraw the reference to the United States Bankruptcy Court for the Southern District of New York of Proceeding No. 2 upon the grounds that that Article I court cannot conduct a trial by jury and Proceeding No. 2 necessarily involves an issue of law over which the District Court has exclusive jurisdiction in the context of Proceeding No. 1 thus making withdrawal of the reference mandatory, or, at a minimum, plainly in the interest of justice and (b) pursuant to Federal Rule of Civil Procedure 42 and this Court's inherent discretion to manage its docket, to consolidate for all purposes Proceeding Nos. 1 and 2 upon the grounds that they involve exactly the same common nucleus of facts and substantially congruent issues of law.

## Statement of Facts

The moving declaration of J. Joseph Bainton describes with particularity the nature of the above-entitled Proceeding Nos. 1 and 2. In the interest of brevity, respectfully those statements will not be repeated here.

## Argument

### I. The Reference of Proceeding No. 2 To the Bankruptcy Court Should Immediately Be Withdrawn.

While jurisdiction over cases arising under title 11 is vested in the district courts, 28 U.S.C. § 1334; *Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*, 04 Civ. 8177 (RCC), 2004 U.S. Dist. LEXIS 23868, *5-6 (S.D.N.Y. Nov. 22, 2004), in this Court pursuant to a standing order issued pursuant to 28 U.S.C. § 157(c), Chapter 11 cases are automatically referred to the Bankruptcy Court. *See Id.* (citing *Enron Corp. v. Belo Co. (In re*

2

*Enron Corp.)*, 317 B.R. 232 (S.D.N.Y. 2004)); *see also* 28 U.S.C. § 157(a). That reference is subject to principles of either mandatory or permissive withdrawal. 28 U.S.C. § 157(d).

## A. Mandatory Withdrawal

Mandatory withdrawal of a reference is required when any proceeding "would otherwise require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991). The purpose of mandatory withdrawal is to assure that an Article III judge decides issues which invoke the application of federal laws outside the Bankruptcy Code. *In re Enron Corp.*, 04 Civ. 8177 (RCC), 2004 U.S. Dist. LEXIS 23868, *7.

In this case, the necessary determination of a non-Bankruptcy Code issue over which this Court has exclusive jurisdiction in Proceeding No. 1 warrants mandatory withdrawal of the reference. In Proceeding No. 1, the Nichols seek an adjudication of their interest in property subject to criminal forfeiture pursuant to 21 U.S.C. § 853(n). In Proceeding No. 2, Bayou seeks to void as fraudulent the transfer of the same property. Thus the Bankruptcy Court cannot adjudicate the fraudulent transfer issue without simultaneously deciding the merits of the Nichols 21 U.S.C. § 853(n) Petition over which this Court in the context of Proceeding No. 1 has exclusive jurisdiction. *DSI Associates LLC v. United States of America*, 496 F.3d 175, 183 (2d Cir. 2007).

## B. Permissive Withdrawal

Even when withdrawal is not mandatory, a district court should immediately withdraw a reference upon a showing of cause. 28 U.S.C. § 157(d). The Second Circuit has identified several factors to be considered by a district court in determining cause. *In re Orion*

3

*Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Those factors include whether issues of "(1) judicial economy, (2) uniform bankruptcy administration, (3) reduction of forum shopping, (4) economical use of debtors' and creditors' resources, (5) expediting the bankruptcy process, and (6) the presence of a jury demand." *Id.* (citing *In re Kenai Corp.*, 136 Bankr. 59, 61 (S.D.N.Y. 1992).

While Proceeding No. 2 is concededly a core proceeding, that fact does not end the analysis. Once a core/non-core distinction is made, the district court "should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Orion Pictures Corp.*, 4 F.3d at 1101; *In re Mountain View Coach Line, Inc.*, No. 88 Civ. 5385, 1989 U.S. Dist. LEXIS 12698, at *2 (S.D.N.Y. Oct. 24, 1989).

The Nichols have timely demanded a trial by jury in Proceeding No. 2. While decisions in this district have recognized that a jury demand by itself does not constitute "cause" for immediate withdrawal *(In re Enron Corp.)*, 317 B.R. 232, 234 (citing cases), when (a) the substantial congruencies of Proceeding Nos. 1 and 2 are taken into account and considered in light of the fact that this Court has exclusive jurisdiction solely in the context of Proceeding No. 1 to adjudicate the Nichols' 21 U.S.C. § 853(n) petition, withdrawal of the reference in contemplation of immediate consolidation of both Proceedings for a single trial makes compelling sense in terms of conserving the resources of all interested parties and the Court.

**Consolidation**

Pursuant to Federal Rule of Civil Procedure 42, consolidation is proper if actions before the court involve a common question of law or fact and consolidation would avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). In order to determine the appropriateness of

4

consolidation, a court must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation. *Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987). The party seeking consolidation bears the burden of proving that the interest of judicial economy is outweighed by the possibility of prejudice or delay. *Id.* (citing *Katsaros v. Cody*, 744 F.2d 270 (2d Cir. 1984)), cert. denied, 469 U.S. 1072, 105 S. Ct. 565, 83 L. Ed. 2d 506 (1984).

Here, Proceeding Nos. 1 and 2 are both at their inception and have at their core the legitimacy of the transfer of the $10 Million fee to Mr. Nichols from Israel. Accordingly, consolidating Proceeding Nos. 1 and 2 in the District Court will serve judicial economy and certainly not prejudice any party.

### Conclusion

For the foregoing reasons, the Nichols' motion to withdraw the reference of Proceeding 2 and consolidate it with Proceeding 1 should be granted.

Dated: New York, New York
June 16, 2008

BAINTON McCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)
26 Broadway, Suite 2400
New York, NY 10004-1840
Telephone: (212) 480-3500
*Attorneys for Defendants*
*Robert B. Nichols and Ellen M. Nichols*

5