J. Joseph Bainton (JB-5934)
BAINTON McCARTHY LLC
*Attorneys for Robert B. Nichols and Ellen M. Nichols*
26 Broadway, Suite 2400
New York, New York 10004
(212) 480-3500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU GROUP, LLC, et al., | Case No.: 06-22306 (ASH) |
| Debtors. | Jointly Administered |

----------------------------------x
BAYOU MANAGEMENT, LLC

                Plaintiff,

- against -

ROBERT B. NICHOLS, ELLEN M.
NICHOLS, SAMUEL ISRAEL III, and
JOHN DOES 1-5,

                Defendants.

Adv. Proc. No.: 08-08292 (ASH)

(Proceeding No. 2)

----------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

SAMUEL ISRAEL III,

                Defendant.

05 Cr. 1039 (CM)

(Proceeding No. 1)

----------------------------------x
ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

                Petitioners.
----------------------------------x

**DECLARATION OF J. JOSEPH BAINTON IN SUPPORT OF
DEFENDANTS ROBERT B. NICHOLS AND ELLEN M. NICHOLS'
MOTION TO WITHDRAW REFERENCE OF THIS ADVERSARY
PROCEEDING TO THE BANKRUPTCY COURT**

J. JOSEPH BAINTON, hereby states under penalty of perjury pursuant to 28 U.S.C. § 1746, that:

1. I am a member of the bar of this Court and of the firm of Bainton McCarthy LLC, attorneys for Robert B. Nichols and Ellen M. Nichols, in each of the two above-entitled proceedings identified as Proceedings 1 and 2, respectively.

2. I make this declaration in support of the Nichols' motion (a) pursuant to Local Bankruptcy Rule 5011.1 to withdraw the reference to the United States Bankruptcy Court for the Southern District of New York of Proceeding No. 2 upon the grounds that that Article I court cannot conduct a trial by jury and Proceeding No. 2 necessarily involves an issue of law over which the District Court has exclusive jurisdiction in the context of Proceeding No. 1 thus making withdrawal of the reference mandatory, or, at a minimum plainly in the interest of justice and (b) pursuant to Federal Rule of Civil Procedure 42 and this Court's inherent discretion to manage its docket, to consolidate for all purposes Proceeding Nos. 1 and 2 upon the grounds that they involve exactly the same common nucleus of facts and substantially congruent issues of law.

**Nature of Proceeding No. 1**

3. On April 17, 2008, the Nichols commenced Proceeding No. 1 pursuant to 21 U.S.C. § 853(n) to establish that their interest in certain property is prior, paramount and superior to any interest of any other party. A copy of the Nichols' Verified Petition is annexed hereto as Exhibit A.

4. The Nichols' claim in Proceeding 1 arises from a certain Financial and Security Consultancy Agreement (the "Agreement") between Defendant Samuel Israel III ("Israel") and Mr. Nichols. A copy of that agreement is annexed hereto as Exhibit B.

2

5. Mr. Nichols claims to have fully performed the services contemplated by the Agreement and thereby earned the one time $10 Million fee that was paid to him by Israel.

6. As more fully explained in the Verified Petition, approximately $1,056,000 of the proceeds of that $10 Million fee in US Dollar account number 57409731, sort code 40-05-15 with HSBC Bank plc ("HSBC") in London, England (the "Account") have been restrained by the Government of the United Kingdom upon information and belief at the request of the United States of America (the "Government") based upon the Government's contention that these funds are the property of Israel.

7. A copy of the British Order of Restraint and the Witness Statement of Stephen Robert Annis in support of that order are annexed hereto as Exhibits C and D, respectively.

8. Upon information and belief, the Government has taken action to restrain proceeds of the $10 Million Fee that are on deposit in accounts of the Nichols located in Singapore.

9. No mention of either the London funds or the Singapore funds is made in this Court's Final Order of Forfeiture As To Specific Property filed on April 18, 2008 (the "Final Order of Forfeiture") entered in Proceeding No. 1.

10. I have been informed by Assistant United States Attorney Sharon Cohen Levin, Esq., that the reason why the Nichols' funds are not included in the Final Order of Forfeiture was the Government understands that the Nichols disputed the propriety of any such forfeiture.

11. To date, the Government has not formally informed the Nichols that it contends that funds in accounts in their name are subject to forfeiture by reason of Israel's conviction, much less explained the factual and legal basis for any such contention.

12. That said, funds in accounts of the Nichols remain restrained as the consequence of actions that they reasonably believe were taken by the Government and arise from Proceeding No. 1.

13. The propriety of such restraint and any ultimate forfeiture of such funds will turn of the legitimacy of the Agreement and whether Mr. Nichols had reason to believe that the $10 Million fee paid pursuant to it by Israel represented funds to which Israel did not have good title.

14. Mr. Nichols predictably contends that at the time he entered into the Agreement with Israel he had no reason to suspect that Israel was other than what he purported to be, namely a highly successful businessman with very substantial assets. Mr. Nichols also not unsurprising contends that he earned the $10 Million fee he was paid pursuant to the terms of the Agreement.

**Nature of Proceeding No. 2**

15. On or about June 2, 2008, Bayou Management LLC ("Bayou") commenced an adversary proceeding against the Nichols and Israel. A copy of that summons and complaint is annexed hereto as Exhibit E.

16. In proceeding No. 2 Bayou contends that the $10 Million fee paid to Mr. Nichols pursuant to the Agreement is voidable upon the ground that it was fraudulent.

4

17. On June 12, 2008, the Nichols served and filed their answer to the Bayou adversary complaint. A copy of that answer is annexed hereto as Exhibit F. In substance, the Nichols deny that payment of the $10 Million fee is voidable as fraudulent.

18. In their answer the Nichols have demanded a trial by jury and will not consent to such a trial being held before an Article I Bankruptcy Judge.

19. Since (a) Proceeding Nos. 1 and 2 involve exactly the same common nucleus of facts; (b) Proceeding Nos. 1 and 2 present substantially congruent questions of law; (c) the Bankruptcy Court does not have jurisdiction to conduct the jury trial of Proceeding 2; and (d) the District Court has exclusive jurisdiction in the context only of Proceeding No. 1 to adjudicate the Nichols' 21 U.S.C. § 853(n) Claim, the Nichols respectfully submit that the interests of justice would be served best if this Court were at this time to withdraw the reference to the Bankruptcy Court of Proceeding 2 and consolidate Proceedings 1 and 2 for all purposes.

Dated: New York, New York
       June 16, 2008

_____
J. Joseph Bainton